**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | ) | NO. 1:09-CR-00168 AWI |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER DIRECTING** |
| v. | ) | **DEFENDANT TO PAY** |
| | ) | **RESTITUTION** |
| CHEENUE YANG, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## BACKGROUND

On March 8, 2010, Defendant Cheenue Yang pled guilty to a violation of 18 U.S.C. § 2252(a)(2) – Receipt or Distribution of Material Involving the Sexual Exploitation of Minors ("receipt/distribution of child pornography").  On May 17, 2010, the court sentenced Defendant Cheenue Yang to ninety-seven (97) months custody in the Bureau of Prisons, one hundred twenty (120) months of supervised release, and $100 penalty assessment.

A victim of child pornography has requested restitution from Defendant Cheenue Yang. At issue is whether the court must award restitution and the amount of restitution the court should award to the victim under 18 U.S.C. § 2259.

///

///

///

**LEGAL STANDARD**

A restitution order is reviewed for abuse of discretion if it is within the bounds of the statutory framework. United States v. Waknine, 543 F.3d 546, 555 (9th Cir. 2008); United States v. Gordon, 393 F.3d 1044, 1051 (9th Cir. 2004); United States v. Hackett, 311 F.3d 989, 991 (9th Cir. 2002). Factual findings supporting an order of restitution are reviewed for clear error. Waknine, 543 F.3d at 555; Gordon, 393 F.3d at 1051. The legality of an order of restitution is reviewed de novo. Waknine, 543 F.3d at 555; Gordon, 393 F.3d at 1051.

Under 18 U.S.C. § 3664, the court must resolve any dispute as to the proper amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3664(e); United States v. Waknine, 543 F.3d 546, 556 (9th Cir. 2008). The government bears the burden of proving: (1) that a person or entity is a victim for purposes of restitution; and (2) the amount of the loss. Waknine, 543 F. 3d at 556; United States v. Peterson, 538 F.3d 1064, 1075 (9th Cir. 2008); see also 18 U.S.C. § 3664(e). While the court is not required to make explicit findings to justify its restitution order, the Ninth Circuit has found that specific findings of fact are necessary at times and the district court must set forth an explanation of its reasoning, supported by the record, when a dispute arises as to the proper amount of restitution. Waknine, 543 F. 3d at 556.

**DISCUSSION**

The victim seeks restitution under 18 U.S.C. § 2259, which specifically governs restitution in receipt/distribution of child pornography cases under Section 2252(a)(2). Section 2259 provides as follows:

> **(a) In general.**--Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> **(b) Scope and nature of order.--**
>   **(1) Directions.**--The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
>   **(2) Enforcement.**--An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

  **(3) Definition.**--For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for--
    **(A)** medical services relating to physical, psychiatric, or psychological care;
    **(B)** physical and occupational therapy or rehabilitation;
    **(C)** necessary transportation, temporary housing, and child care expenses;
    **(D)** lost income;
    **(E)** attorneys' fees, as well as other costs incurred; and
    **(F)** any other losses suffered by the victim as a proximate result of the offense.
  **(4) Order mandatory.--(A)** The issuance of a restitution order under this section is mandatory.
  **(B)** A court may not decline to issue an order under this section because of--

    **(i)** the economic circumstances of the defendant; or
    **(ii)** the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

**(c) Definition.**--For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259.

**A. Mandatory Nature of Restitution**

  From the statute it is clear that restitution is mandatory for any offense in the chapter, including all offenses under Section 2252, such as receipt/distribution of child pornography. Given that the language of Section 2259 reads: "The issuance of a restitution order under this section is mandatory", the court is required to award restitution.  See  18 U.S.C. § 2259(b)(4)(A).

**B. Victims of Defendant Cheenue Yang's Conduct**

  The government has provided evidence that some of the images Defendant Cheenue Yang possessed were of Victim Reanna.   These facts are not disputed.   What is in dispute is whether Victim Reanna is a victim of Defendant Cheenue Yang's receipt/distribution, and if she is, the

3

amount of losses incurred by her as a result of Defendant Cheenue Yang's receipt/distribution.

A finding that Victim Reanna is the victim in the crime Defendant Cheenue Yang was convicted of is supported by case law.   In 1982 the Supreme Court upheld child pornography laws, making the following findings:

> We shall not second-guess this legislative judgment. Respondent has not intimated that we do so. Suffice it to say that virtually all of the States and the United States have passed legislation proscribing the production of or otherwise combating "child pornography." The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.   That judgment, we think, easily passes muster under the First Amendment.

New York v. Ferber, 458 U.S. 747, 758 (1982).   Citing numerous scientific studies, the Supreme Court further found:

> "[T]he use of children as ... subjects of pornographic materials is very harmful to both the children and the society as a whole." S.Rep.No. 95-438, p. 5 (1977), U.S.Code Cong. & Admin.News 1978, p. 42.   It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults. Sexual molestation by adults is often involved in the production of child sexual performances. When such performances are recorded and distributed, the child's privacy interests are also invaded.
> . . . .
> "[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography."

Ferber, 548 U.S. at 758 n.9 & 759 n.10  (internal cites to scholarly journals omitted).

The Ninth Circuit more recently discussed who the "victim" is in a child pornography case.  In United States v. Boos, 127 F.3d 1207 (9th Cir. 1997), the defendant was convicted of conspiracy to distribute or to receive child pornography under 18 U.S.C. § 371 and distribution of child pornography under 18 U.S.C. § 2252(a)(1).   At issue was the definition of "victim" for purposes of the Federal Sentencing Guidelines.   The Ninth Circuit found:

> . . . with regard to the distribution of child pornography, the "person[s] who [are] directly and most seriously affected," and are "therefore identifiable as the

4

victim[s]," are the children who perform the pornographic acts.
Moreover, quite unlike the drug and immigration offenses mentioned in the Note-which are "victimless" crimes in the sense that the harm that they produce is spread evenly throughout society-the harm caused by the distribution of child pornography is concentrated. It is visited upon a single individual or discrete group of individuals, namely, the child or children used in the production of the pornographic material. The child pornographer simply cannot be analogized to the garden-variety drug user convicted under 21 U.S.C. § 844(a) of possessing a controlled substance, who is, practically speaking, his own victim. The child pornographer victimizes not himself, but children.

Boos, 127 F.3d at 1210.  After reviewing both the Sentencing Guidelines' and a dictionary's definitions of "victim", the Ninth Circuit stated that "it seems to us scarcely debatable that the children depicted – many as young as 5 years old – were the primary "victims" of Boos's criminal conduct".  Id.  The Ninth Circuit concluded that: "the legislative history, when viewed in its entirety, confirms the conclusion that the primary "victims" that Congress sought to protect by enacting § 2252 were, in fact, the children involved in the production of pornography."  Boos, 127 F.3d at 1211.  Other Circuits have reached similar results.  See, e.g., United States v. Sherman 268 F.3d 539, 544 (7th Cir. 2001) (declining to draw any distinction between the crime of producing child pornography and the crimes of distributing or receiving child pornography in determining who was the primary or direct victim of the crime); United States v. Tillmon, 195 F.3d 640, 643 (11th Cir. 1999) (stating that legislative history of 18 U.S.C. § 2252 makes clear the primary objective of the statute is to lessen harm suffered by children who are involved); United States v. Norris, 159 F.3d 926, 930 (5th Cir. 1998)(finding that even passive consumer who merely receives or possesses the images directly contributes to continuing victimization and "the mere existence of child pornography represents an invasion of the privacy of the child depicted"); United States v. Hibbler, 159 F.3d 233, 236-37 (6th Cir. 1998) ("children depicted in the pornography possessed and shipped by a defendant are the primary victims of the crimes of possession and distribution").

The court has before it evidence that Victim Reanna has $2,851.20 in special damages for treatment and transportation expenses.  The court has received evidence that Victim Reanna has

been harmed by the people who have viewed her images.   Given the case authority and the specific evidence provided by the victim, it has been shown that a defendant possessing Victim Reanna's images has caused harm to her.

**C.  Causation**

From the case law it is clear that the court must find causation before awarding a restitution amount in favor of Victim Reanna.   Section 2259 provides that the victim must have been "harmed as a result of the commission of a crime under this chapter", such as Section 2252. See 18 U.S.C. § 2259(c).  The Ninth Circuit has interpreted Section 2252 to require that there be a "causal connection between the offense of conviction and the victim's harm."   United States v. Laney, 189 F.3d 954, 965 (9th Cir. 1999).   However, neither the Ninth Circuit nor other circuits addressing restitution orders under Section 2259 have imposed a requirement of causation approaching mathematical precision.  United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007). The Ninth Circuit "will uphold an award of restitution under Section 2259 if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty." Id.

The problem in this case is with the government's ability to prove the causal connection between Defendant Cheenue Yang's receipt/distribution of child pornography and the amount of harm he caused to this victim.    The only monetary figure provided to the court is the total amount of the victim's harm, not the harm Defendant Cheenue Yang caused a particular victim. Section 2259 leaves the court in a legal quandary:   The court must award restitution and the government must show the harm caused by Defendant Cheenue Yang, but it is difficult to determine the amount of harm caused by Defendant Cheenue Yang.

In resolving the difficult determination before the court, the court has reviewed related laws concerning receipt/distribution of child pornography.   The closest Congress has come to providing a formula for determining restitution amounts is in the civil remedies Congress made available to victims of Section 2252 violations.   Title 18 U.S.C. § 2255 provides a civil remedy

for personal injuries caused by sexual exploitation of children, including violations of Section 2252.   Section 2255 provides:

> **(a) In general.**--Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C.A. § 2255(a).   In a suit brought under Section 2255 it appears the victim does not have to prove the exact amount of damage a specific defendant caused the victim.   Section 2255 requires the victim to show she suffered personal injury.   Having shown an injury, the victim recovers the actual damages she sustains.   Apparently realizing that the victim will have a difficult time proving the exact amount of damage a particular possessor or distributor has caused, Congress has set forth the amount of damages:   Any victim that has suffered personal injury as a result of the violation, including Section 2252 violations, "***shall be deemed to have sustained damages of no less than $150,00 in value***".   18 U.S.C.A. § 2255(a) (emphasis added).[1]

Based on Congress's decision that a victim is damaged a minimum of $150,000 for any violation of Section 2252, the court has been given some guidance on the amount Congress believes is the minimal amount of damages stemming from child pornography.   Because Congress has already determined that $150,000 is the deemed damages amount for any Section 2252 violation, the court finds that any restitution amount under $150,000 will generally be reasonable.

The court declines to award the full amount of $150,000 in restitution to a child

---

[1] Prior to July 27, 2006, the last sentence in Section 2255(a) read: "Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $50,000 in value."   Under the civil statute, the minimum restitution amount for any violation of Section 2252 is $150,000 for violations occurring after July 27, 2006 and $50,000 for violations occurring prior to $50,000.

pornography victim for several reasons.  The ordinary meaning given to the word "restitution" is to restore someone to the position she occupied before a particular event.  Hughey v. United States, 495 U.S. 411, 416 (1990). "The purpose of restitution is to make the victims whole while the Sentencing Guidelines serve a punitive purpose."  United States v. Crandall, 525 F.3d 907, 916 (9th Cir. 2008); United States v. Brock-Davis, 504 F.3d 991, 998 (9th Cir. 2007).  While Section 2259 concerns restitution, Section 2255 discusses damages.   Restitution and the total amount of damages are not always the same thing.  See, e.g., United States v. Barnette, 10 F.3d 1553, 1556 (11th Cir.1994); Restatement (Second) of Contracts § 344; Restatement of Restitution, chapter 8, topic 2, at 595-96.  In addition, Section 2255 provides for deemed damages in the amount of $150,000 for violations ranging from possession of child pornography in violation of Section 2252(a)(4)(B) to selling children for purposes of sexually explicit conduct in violation of Section 2251A and to sexual abuse in violation of Section 2242 and Section 2243.  The broad range of crimes for which $150,000 is the deemed damages lends support to a finding that a defendant who received/distributed child pornography caused the victim less than $150,000 in harm.

   The court finds that $2,851.20 should be awarded as restitution in favor of Victim Reanna.  This amount is approximately two percent of the $150,000 amount reflected in Section 2255.  Given the high amount of the deemed damages in Section 2255, the court finds an amount less than $3,000 inconsistent with Congress's findings on the harm to children victims of child pornography.   At the same time, the court finds $2,851.20 is a level of restitution that the court is confident is somewhat less than the actual harm this particular defendant caused the victim, resolving any due process concerns.

//

//

//

**D. Windfall to the Victims**

An argument might be raised that ordering restitution to a victim will eventually result in a windfall to some victims. It is true Victim Reanna may receive restitution orders requiring numerous defendants to pay her restitution. Theoretically, at some point, it is possible the victim will obtain more money in restitution than her actual harm. Section 2256(b)(4)(B) provides that the court may not decline to issue an order of restitution because the victim has or is entitled to receive compensation for her injuries from the proceeds of insurance or any other source. The court may not decline to order restitution based on the fact the victim has or is entitled to receive compensation from "any other source". "[A]ny other source" would include restitution from defendants in other cases. Regardless, this court is not currently faced with the situation of a victim asking for restitution when other defendants around the country have already paid her more than her actual harm. Thus, the court finds any "windfall" argument to be unpersuasive.

## CONCLUSION

Accordingly, the court ORDERS that:

1. Victim Reanna is entitled to restitution in the amount of $2,851.20; and
2. The judgment in this action SHALL reflect this restitution amount.

IT IS SO ORDERED.

Dated:   **May 18, 2010**              /s/ **Anthony W. Ishii**
                                CHIEF UNITED STATES DISTRICT JUDGE